*Morehead & Reed and Hord* for Jones : *Owsley & Goodloe and Payne & Waller* for Morehead.

---

## Eckler *vs* Eckler's Executors.

### ERROR TO THE HARRISON CIRCUIT.

*Forcible detainer. Vendor and vendee.*

JUDGE BRECK delivered the opinion of the Court.

In 1834 or 1835, Jacob Eckler gave to the appellant, his manumitted female slave, in consideration of her valuable and faithful services to himself and family, about ten acres of land, to possess and enjoy during her life. The gift was not evidenced by deed or writing of any kind, but was ever afterwards, during the life of the donor, recognized by him and the fullest effect given to it.

FORCIBLE DE-
TAINER.

Case 106.

*May 4.*

The case stated.

The appellant took possession, erected a small dwelling house and out houses, and otherwise improved the little tenement.

In 1841 Jacob Eckler died, leaving a last will and testament, which at the December term, 1841, of the Harrison County Court, was duly proven and admitted to record. In March following, the appellee, claiming to be the executor of Eckler, sued out a warrant of forcible detainer against the appellant, for the ten acres of land, upon which she had then been living, under the gift of her former master, six years or more.

Upon the trial of the warrant, the finding of the jury was for the appellant. The inquisition was traversed, and judgment, upon the trial of the traverse, was rendered against the appellant, and upon her appeal, the case is now before this Court, and the judgment sought to be reversed.

In addition to the preceding facts, it appears that not long after the probate of the will of Eckler, the appellee called upon the appellant and inquired how she held possession; to which she replied, that her old master had given her the place during her life. She refused to surrender the possession, and expressed her intention to hold it as long as she lived. That she was unwilling to become the tenant of the appellee, and insisted that as long as she lived, he had no right to the premises.

In this state of the evidence, the Court, at the instance of the appellee, instructed the jury in substance as follows: That if they believed from the evidence, that the appellant entered upon the land in contest under a parol gift to hold for life, she thereby became a tenant at will, and if upon a demand being made of the possession, by the appellee, she denied his right, would not acknowledge her tenancy, and claimed the land for life, in her own right, under said parol gift, no notice to quit was necessary; and if they believe that such demand was made, within two years next before suing out the warrant herein, they must find for the appellee.

Several instructions were moved on the part of the appellant, and overruled, but which we deem unnecessary to notice, as the instruction given involves all the ques-

tions important to be considered in the disposition of the case.

Whether the appellee, regarding the appellant as a tenant at will, derived any authority from the will of Eckler, to institute this proceeding; whether he had such an interest, or had placed himself in such an attitude as entitled him to the possession of the premises in contest; whether the appellant had renounced her allegiance to the title of her former master, and had thereby forfeited all claim to protection under it, and deprived herself of the benefit even of a notice to quit, if such it be considered, these are all questions which we deem unnecessary to discuss.

We waive, therefore, their consideration, and notice at once the ground upon which we think the instruction of the Court to the jury, to which we have adverted, must be deemed erroneous, and cannot be sustained.

When the appellant entered and obtained possession of the premises in contest, she did it in the character of a purchaser. Whether it was upon a valuable consideration paid by her, or whether the mere bounty of a generous master, would not, in the slightest degree, affect or change her rights in this case. She did not then enter as a tenant at will or otherwise, according to the import of the term as used in our statute, but as a purchaser of the premises for and during her life. She was bound for no rent. She owed no fealty, no allegiance except to the title of the donor, which, according to the contract, she was entitled to during her life. When the warrant in this case was sued out, she had been six or seven years in the quiet possession and enjoyment of the premises, as a purchaser; was she then liable to be turned out by this proceeding? Could the donor, her old master, if living, have successfully resorted to this remedy, even after he had given her six months notice to quit? We think not. If the contract, under which she entered, had been evidenced by writing, and subsequently rescinded, the proceeding, by forcible detainer, would have been unavailable. Such was the doctrine expressly recognized by this Court in *Jack* vs *Carneal*, (2 *Marshall*, 519,) and this is now regarded as the settled law of the land.

*Forcible detainer does not lie against one who has entered as a purchaser.*

The Court, in the case referred to, say, "that Jack having entered under a contract to purchase, he cannot have become thereby Carneal's *tenant,* so as to be liable to be proceeded against as a forcible detainer." When the contract, as in this case, is by parol, it is not, as the doctrine is now settled, on that account void; and no good reason is perceived why the vendee, under a parol contract, does not as fully and certainly enter as a purchaser, and not in the character of a tenant, as if the entry had been by written contract. He certainly enters by the will and consent of the vendor, and indeed by contract with him, as much in the one case as the other, and we are not aware of any distinction ever made by this Court as to the character of the entry in such cases. Nor are we aware that this Court has, in any case, recognized the right of the vendor, by warrant of forcible detainer, to turn out the vendee, whether he entered under a parol or written contract of purchase.

We are, therefore, very clearly of opinion, that the Court erred in the instruction given to the jury.

The judgment is reversed and the cause remanded, that a new trial may be granted and further proceedings had.

*Morehead & Reed* for appellant.